UNITED STATES v. 53¼ ACRES OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, COUNTY OF KINGS, STATE OF NEW YORK et al.

No. 494.

District Court, E. D. New York.

July 18, 1941.

Harry T. Dolan, Sp. Asst. to U. S. Atty. Gen. (Edward H. Murphy, Sp. Atty., Department of Justice, of New York City, of counsel), for petitioner-plaintiff.

William C. Chanler, Corp. Counsel, of New York City (Charles Bisberg, of New York City, of counsel), for City of New York.

Ferris & Kuh, of New York City, for Walter M. Woolfson.

Harold L. Godwin, of Brooklyn, N. Y., for Charles M. Grill et al.

Skinner & Bermant, of New York City, for Jacob Simensky et al.

Charles Lamb, of New York City, for Swift & Co., Inc., et al.

Edward P. Hirsch, of Brooklyn, N. Y., for Max Kramer.

Robert Abelow, of New York City, for Phillip B. Newmarket et al.

Lewis, Marks & Kanter, of Brooklyn, N. Y., for Market Terminal, Inc.

H. A. & C. E. Heydt, of New York City (J. W. Hill, of New York City, of counsel), for Kings County Refrigerating Co.

Charles E. Kaplan, of Brooklyn, N. Y., for Alexander McDicken et al.

Stuart M. Miller, of Brooklyn, N. Y., for Martha Kuttner et al.

Hyman Bloomgarden, of Brooklyn, N. Y. (Carl S. Roden, of Brooklyn, N. Y., of counsel), for Norman Smith.

Cullen & Dyckman, of Brooklyn, N. Y. (Augustus Wheeler, of Brooklyn, N. Y., of counsel), for Theodore H. Meyers.

Louis J. Carruthers, of New York City (Edward B. Newburn, of New York City, of counsel), for Pennsylvania R. Co.

Parsons, Closson & McIlvaine, of New York City (William M. Sperry, 2nd, of New York City, of counsel), for Brooklyn Eastern District Terminal.

Newman & Bisco, of New York City, for Manufacturers Trust Co.

ABRUZZO, District Judge.

A case has come before this court under 40 U.S.C.A. § 258a, with respect to the subordinate interests of various defendants. It seems that in the declaration of taking filed by the Government there was no allocation made of the fund to these subordinate interests such as leaseholders, owners of chattel mortgages, fixtures and other interests of like nature.

As the court reads the Act, it does not seem that this Act requires the Government to allocate any money to these subordinate interests, first for the reason it would be very difficult for them to know what those interests are and to estimate and fix a value for them; and second, the statute is broad enough so that if any subordinate owner of an interest made application to the court and upon proper affidavits or other papers made proof of the value of such interest, the City of New York and the Government would then be called upon to either oppose, consent or sit idly by. The Court could then in its discretion, it seems, fix a value for that subordinate interest on account of the just compensation to be established later. As this affords the subordinate interest holder sufficient protection, it seems to me that is what the act meant should be done.

The Court sees no point in the argument that because the allocation was not made it has no right under Section 258a to make an award so to speak, to the City of New York, or advance payment.

The motion for the City of New York is therefore granted to the extent that they be permitted to withdraw the sum of two and one-half million ($2,500,000) dollars on account, with leave to renew at any time that the City sees fit to make such motion for further withdrawal.

Settle order on notice.